## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD T. BUTLER, JR.,<br>Plaintiff | : CIVIL ACTION<br>:<br>: NO: |
| v. | :<br>: |
| PHILADELPHIA ENERGY SOLUTIONS, L.L.C., :<br>and SUNOCO, INC.,<br>Defendants | :<br>:<br>: |

## COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

Plaintiff claims of Defendants, a sum in excess of $150,000.00 in damages upon

a cause of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary and other appropriate

relief is brought by Plaintiff to redress violations by the Defendants of rights secured to

the Plaintiff by the laws of the United States of America.

2.    This action arises under the Americans with Disabilities Act, 42 U.S.C.

§12101, et seq. ("ADA"), and the Americans with Disabilities Amendments Act of 2008

("ADAA"). These claims are brought by Plaintiff to redress arbitrary, improper, unlawful,

willful, deliberate and intentional discrimination with respect to his compensation, terms,

conditions and privileges of employment by the Defendants, based on improper and

unlawful acts of disability discrimination in the workplace.

- 1 -

## II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADA, and ADAA, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

5.    The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6.    All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on February 27, 2014 and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

7.    Plaintiff, Richard T. Butler, Jr., is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 219 Pine Street, Glenolden, Pennsylvania.

8.    Defendant, Philadelphia Energy Solutions, L.L.C. ("PES"), was and is now a corporation duly organized and existing under the laws of the Commonwealth of

- 2 -

Pennsylvania, with a place of business located at 1735 Market Street, 19th Floor, Philadelphia, Pennsylvania.

9.     Defendant, Sunoco, Inc. ("Sunoco"), was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 1735 Market Street, 19th Floor, Philadelphia, Pennsylvania.

10.    At all times relevant hereto, the Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendants. At all times relevant hereto, the Defendants employed and/or jointly employed the Plaintiff.

11.    At all times material herein, the Defendants have been a "person" and "employer" as defined under the ADA, ADAA, and PHRA, and are subject to the provisions of each Act.

## IV.    STATEMENT OF CLAIMS

12.    The Plaintiff was originally hired by Sunoco as a Control Board/Outside Operator on or about November 17, 2003. The Plaintiff was terminated from his employment by PES, a successor Company of Sunoco, on or about March 7, 2013, as a result of unlawful and discriminatory employment practices complained of herein.

13.    Throughout his tenure of employment with both Defendants, the Plaintiff performed his job function in a dutiful and competent manner. At the time of the Plaintiff's termination from employment, he was earning a salary of approximately $120,000.00 per annum, plus benefits.

- 3 -

14.     During the course of his employment with the Defendants, the Plaintiff suffered a physical injury and was diagnosed with severe herniated discs as well as a degenerative disc condition. These medical conditions constitute disabilities within the meaning of the ADA and ADAAA in that they substantially limit him in major life activities, he was perceived as being disabled by the Defendants, and/or because he maintained a record of impairment throughout the course of his employment with Defendants.

15.     As a result of the aforesaid medical condition, the Plaintiff went out on a short-term disability leave of absence on or about December 6, 2011. Due to the on-going severity of his condition, the Plaintiff was medically required to utilize his long-term disability leave of absence thereafter.

16.     In or about November, 2012, while on long-term disability, Sunoco requested that the Plaintiff submit to a Functional Capacity Evaluation ("FCE") in order to evaluate his ability to return to work.

17.     The Plaintiff was administered the FCE test on or about December 15, 2012, at the request of Sunoco's physician. As a result of the findings, the Plaintiff was medically cleared to return to work.

18.     However, the following day, the Plaintiff received a call from a representative in Sunoco's Medical Department informing him that the results of the FCE were deemed invalid. He was further told that he was required to retake and successfully pass a second FCE on or before March 7, 2013, the deadline for him to return in accordance with his Union's Collective Bargaining Agreement.

- 4 -

19. In or about September, 2012, PES acquired Sunoco and assumed control over its day to day operations.

20. Thereafter, the Plaintiff was informed by representatives of PES that prior to submitting to a second FCE examination he was now required to relinquish his long-term disability claim and in essence, declare himself 100% fit for duty.

21. The Plaintiff requested that PES provide him a copy of their written policy indicating that he must first relinquish his long-term disability claim in order to be permitted to take the FCE.

22. PES failed to provide the Plaintiff with the requested information.

23. A second request for the said policy was made to PES' Human Resource Manager, John O'Toole on or about March 1, 2013, by and through the Plaintiff's counsel.

24. In the said correspondence it was suggested that if such a policy indeed existed, it may violate the ADA's reasonable accommodation provisions by in essence requiring that that the Plaintiff declare himself 100% fit for duty before being considered eligible to return to work. Neither Defendant responded to this correspondence.

25. On or about March 7, 2013, the Plaintiff was effectively terminated from his position of employment due to refusal to submit to the FCE under such discriminatory circumstances.

26. The Plaintiff believes and therefore avers, that the Defendants' actions in requiring that he relinquish his rights to long-term benefits as a condition precedent to returning to work, was in violation of his right to reasonable accommodations under the ADA and ADAA.

27. The Plaintiff believes and further avers that he was discharged as a direct result of aforesaid discriminatory policies and procedures

## COUNT I
## (ADA/ADAA)
## Plaintiff v. Defendants

28. Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein at length.

29. The actions of the Defendants through their agents, servants and employees, in establishing discriminatory policies and procedures, in failing to accommodate the Plaintiff and in discharging him from his employment due to his disability, constituted a violation of the ADA and the ADAA.

30. As a direct result of Defendants' willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
## Plaintiff v. Defendants

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32. The actions of the Defendant, through its agents, servants and employees, in establishing discriminatory policies and procedures, in failing to

- 6 -

accommodate the Plaintiff and in terminating the Plaintiff due to his disability, constituted a violation of the PHRA.

33. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

34. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of potential earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of potential back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

35. Plaintiff repeats the allegations of paragraph 1 through 34 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

- 7 -

## JURY DEMAND

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By:_____

      KEVIN I. LOVITZ, ESQUIRE
      ID # 70184
      1700 Market Street, Suite 3100
      Philadelphia, PA 19103
      (215) 735-1996 Phone
      (215) 735-1515 Fax
      Attorney for Plaintiff,
      Richard T. Butler, Jr.